

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00111-CV

IN THE INTEREST OF F.J., A CHILD

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 682-17

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

On petition by the Texas Department of Family and Protective Services (the Department), the trial court terminated Mother's parental rights to her daughter.[1]  In her sole point of error on appeal, Mother argues that she was not required to comply with the trial court's order requiring her to complete a family service plan because Father's actions prompted the Department's investigation, not hers.  We affirm.

## I.       Background

Felicity was removed from her parent's care under Chapter 262 of the Texas Family Code for abuse or neglect after the Department received reports that Father had sexually abused Felicity. After the Department brought a petition to terminate Father's and Mother's parental rights to Felicity, the trial court ordered Mother to comply with each requirement of the Department's Family Service Plan.

The trial court heard evidence that Mother failed to comply with several provisions of the Family Service Plan by, among other things, failing to take drug tests even though she had a history of drug use.  Accordingly, the trial court terminated her parental rights after finding that (1) she failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of Felicity, who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of her

---

[1]We use pseudonyms and do not refer to the parties by their real names to protect the identity of the child.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).

removal under Chapter 262 for abuse or neglect and (2) termination of her parental rights was in Felicity's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O), (b)(2) (West Supp. 2018).

## II.     Mother Was Required to Comply with the Trial Court's Order

Mother concedes that the Department presented evidence to support the trial court's Ground O finding. Therefore, she does not argue that the evidence was legally or factually insufficient to support the finding. Mother also does not challenge the trial court's best interests finding. Rather, Mother argues that Ground O did not apply to her because Father's actions—not hers—prompted the Department's investigation.[2]

We have previously rejected Mother's argument. *See In re J.R.H.*, No. 06-18-00052-CV, 2018 WL 6625886, at *4 (Tex. App.—Texarkana Dec. 19, 2018, pet. filed) (mem. op.). In doing so, we expressly held that "ground (O) does not require that the parent who failed to comply with the court order be the same person whose abuse or neglect triggered the child's removal." *Id.* (citing *In re D.R.J.*, 395 S.W.3d 316, 320 (Tex. App.—Fort Worth 2013, no pet.); *In re M.N.*, No. 11-10-00129-CV, 2011 WL 917837, at *3 (Tex. App.—Eastland Mar. 17, 2011, no pet.) (mem. op.); *In re S.N.*, 287 S.W.3d 183, 188 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (op. on reh'g)); *see also In re J.R.*, No. 02-18-00317-CV, 2019 WL 237740, at *8 (Tex. App.—Fort Worth Jan. 17, 2019, pet. filed) (mem. op.). Accordingly, we overrule Mother's sole point of error on appeal.

---

[2]Mother also claims that, although the State has a compelling state interest in initiating and imposing the Family Service Plan against Father, it had no such interest with regard to Mother. The "United States Supreme Court has recognized [that] the State has the 'right' and the 'duty' to protect minor children." *Sanchez v. Tex. Dep't of Human Res.*, 581 S.W.2d 260, 268 (Tex. Civ. App.—Corpus Christi 1979, no pet.) (quoting *Stanley v. Illinois*, 405 U.S. 645, 649 (1972)); *see also In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013).

## III.    Conclusion

We affirm the trial court's judgment terminating Mother's parental rights.


Ralph K. Burgess
Justice

Date Submitted:    March 13, 2019
Date Decided:      March 19, 2019